UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRAP BAR, LLC, et al.,

Plaintiffs,

v.

CITY OF SACRAMENTO,

Defendant.

No. 2:25-cv-03244-DAD-CSK

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS IN PART

(Doc. No. 3)

This matter is before the court on defendant's motion to dismiss certain claims asserted in plaintiff's complaint. (Doc. No. 3.) On March 10, 2026, the pending motion was taken under submission on the papers pursuant to Local Rule 230(g). (Doc. No. 16.) For the reasons explained below, the court will grant defendant's motion to dismiss in part.

**BACKGROUND**

On October 1, 2025, plaintiffs filed their original complaint in the Sacramento County Superior Court initiating this civil action. (Doc. No. 1 at 5.) On November 7, 2025, defendant removed the action to this federal court. (*Id.*) In their complaint, plaintiffs allege as follows.

Plaintiffs operate The Trap, a bar located in the Pocket-Greenhaven neighborhood that operates in a building dating back to the 1860s. (*Id.* at 6.) In 2009, the Trap was designated a historical landmark. (*Id.* at 7.) On January 12, 2010, defendant opened a case with the City of Sacramento's Department of Code Enforcement relating to the Trap. (*Id.* at 8.) Throughout 2010

and 2011, defendant paid for, administered, directed, and controlled work at The Trap through grants, loans, and direction by the Department of Code Enforcement. (*Id.* at 8–9.) Some repairs and improvements were not completed, although defendant endorsed permitted improvements to The Trap. (*Id.* at 9.)

In 2022, plaintiffs purchased The Trap and found that the lack of foundation under the building had caused it to sink several inches due to river water intrusion. (*Id.* at 10.) Plaintiffs proceeded to begin completing repairs that were authorized by permits issued by defendant in 2010 and 2011. (*Id.* at 10–11.) On July 26, 2024, defendant issued an illegible and mostly blank "Notice of Violation" requiring plaintiffs to shut down a food truck connected to The Trap for fourteen days. (*Id.* at 11.) On September 18, 2024, defendant conducted a surprise inspection of The Trap and, on September 20, 2024, issued a "Stop Work Order" directing plaintiffs to stop work that was being performed in accordance with the 2010 and 2011 permits. (*Id.* at 13.) Over the course of the following months, plaintiffs met with various officials working with defendant, submitted several plans to defendant that were rejected, and received a demand to pay a penalty associated with one of those plan submissions. (*Id.*) On February 4, 2025, defendant issued a new Stop Work Order and a notice and order to repair, citing to dangerous conditions at The Trap. (*Id.* at 15.) On April 15, 2025, defendant emailed plaintiffs to inform them that they could either remove all "non-permitted" works or agree that it was $65,000 worth of improvements thereby increasing the fees the City could charge over and above what had previously been agreed to. (*Id.* at 16.) Moreover, plaintiffs allege that defendant has failed to perform infrastructure work regarding sewer access and traffic lights which was promised in 1966 thereby creating an ongoing risk to The Trap and its patrons. (*Id.* at 16–17.) On June 27, 2025, plaintiffs submitted a government claim alleging property damages and lost revenues due to defendant's alleged conduct. (*Id.* at 18.) Defendant did not respond to this claim. (*Id.*)

Based on these allegations, plaintiffs bring the following seven causes of action: (1) intentional interference with prospective economic advantage; (2) inverse condemnation; (3) a 42 U.S.C. § 1983 claim for violations of the First and Fourteenth Amendment based on defendant's conduct retaliating against plaintiffs for engaging in protected speech; (4) violation of

California's Bane Civil Rights Act, California Civil Code § 52.1; (5) negligence; (6) nuisance; and (7) declaratory relief. (*Id.* at 22–30.)

On November 14, 2025, defendant filed the pending motion, seeking dismissal of plaintiffs' first, fifth, and sixth causes of action. (Doc. No. 3.) On November 20, 2025, pursuant to the stipulation of the parties (Doc. No. 8), the court extended the time for the filing of plaintiffs' opposition to December 12, 2025. (Doc. No. 9.) On December 12, 2025, plaintiffs filed their opposition and on December 22, 2025, defendant filed its reply. (Doc. Nos. 13, 14.)

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). It is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the

defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought under Rule 12(b)(6), the court is permitted to consider material that is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiffs' complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d. 668, 688–89 (9th Cir. 2001).

## DISCUSSION

### A. Exhaustion of Administrative Remedies as to First, Fifth, and Sixth Causes of Action

Defendant moves to dismiss plaintiffs' first, fifth, and sixth causes of action on the grounds that plaintiffs have failed to exhaust their administrative remedies. (Doc. No. 3-1 at 4–7.) Specifically, defendant argues that plaintiffs were required to present a claim to defendant pursuant to the California Government Claims Act, California Government Code §§ 910, *et seq.*, and to present such a claim within six months of the cause of action accruing. (*Id.* at 4–6.) Because plaintiffs only submitted such a claim within six months of one of defendant's alleged actions, specifically the notice and order to repair issued on February 4, 2025, defendant contends that plaintiffs' claims may only be premised on that single act. (*Id.* at 5–6.) Defendant further argues that, with respect to the February 4, 2025 notice and order to repair, plaintiffs have not exhausted the administrative procedures available to them under Sacramento City Code Chapters 8.96 and 8.100. (*Id.* at 6–7.)

Plaintiffs point out that they have pled that they filed the required government claim on June 27, 2025 and argue that their claims asserted in this action are therefore not barred under the Government Claims Act. (Doc. Nos. 1 at 18; 13 at 9.) Plaintiffs contend that they are not required to separately administratively exhaust their claims because they are tort claims seeking damages against defendant rather than seeking a reversal of defendant's findings set out in the notice and order to repair. (Doc. No. 13 at 9–12.) In other words, plaintiffs maintain that the doctrine of exhausting administrative remedies is inapplicable here because their claims are not of a category such that administrative findings would be beneficial. (*Id.*) Plaintiffs next argue that,

to the extent exhaustion is required to state their claims, their failure to exhaust should be waived based upon futility because the appellate process permitted by city regulations could not provide them compensatory damages. (*Id.* at 12–14.) Plaintiffs finally make a largely conclusory argument that the city would almost certainly have denied any appeal they pursued and that, accordingly, exhaustion would be futile. (*Id.* at 15.)

First, the court addresses whether plaintiffs have complied with the California Government Claims Act. "Section 905 of the Government Claims Act provides that, with certain specified exceptions, all claims for money or damages against local public entities must be presented in accordance with the claim presentation statutes." *Booker v. City of Santa Ana*, No. 15-cv-00431-DOC-DFM, 2015 WL 13915036, at *4 (C.D. Cal. May 19, 2015) (internal quotation marks omitted). California Government Code § 911.2 provides that a "claim relating to cause of action for death or for injury to person or to personal property . . . shall be presented . . . not later than six months after the accrual of the cause of action. A claim relating to any other cause of action shall be presented . . . not later than one year after the accrual of the cause of action." Cal. Gov't Code § 911.2. "Timely presentation of claims is not merely a procedural requirement but is an element of the plaintiff's cause of action." *Sanwal v. County of Sacramento*, No. 2:11-cv-00187-JAM-KJN, 2011 WL 2580409, at *7 (E.D. Cal. June 28, 2011). It appears that defendant contends that any event which occurred prior to December 27, 2024, the point in time six months prior to the alleged filing of plaintiffs' government claim (Doc. No. 1 at ¶ 64), cannot serve as the basis for any of plaintiffs' causes of action. (Doc. No. 3-1 at 5–6.) Defendant cites no authority in support of this proposition and it runs counter to the plain text of the statute which states only that the claim must be presented no later than "six months after the *accrual of the cause of action*." Cal. Gov't § 911.2 (emphasis added). Because defendant presents no argument as to when plaintiffs' first and fifth causes of action accrued, the court rejects defendant's argument that they are barred by the presentation requirement.[1]

/////

[1] The court will next address defendant's argument that plaintiffs' sixth cause of action is barred in its entirety as untimely later in this order.

Next, defendant argues that plaintiffs were required to exhaust their administrative remedies with respect to the February 4, 2025 notice and order to repair, but advances no argument that plaintiffs were required to exhaust administrative remedies as to other events which serve as the bases for their causes of action. (Doc. No. 3-1 at 6–7.) Plaintiffs disclaim any reliance on the February notice to support their fifth or sixth causes of action in their opposition. (Doc. No. 13 at 10 n.2.) Indeed, a review of plaintiffs' operative complaint demonstrates that they base their fifth and sixth causes of action for negligence and nuisance on defendant's alleged failure to issue building permits or provide certain infrastructure, rather than presenting a challenge to the truth of any purported code violation found by the February 4, 2025 notice and order to repair. (Doc. No. 1 at 27–28.) In reply, defendant argues that the issuance of the notice is the only "action allegedly taken by the City that falls within the Accrual Period" and thus contends that it is the only basis upon which plaintiffs' first, fifth, or sixth causes of action may be stated. (Doc. No. 14 at 2.) As explained above, defendant's argument that all events must occur within the six month period is without citation to supporting authority, the court has been unable to locate any such authority, and defendant's argument in this regard appears to be contrary to the plain text of the statute. "While a plaintiff must plead sufficient factual allegations and present a plausible legal theory to survive a 12(b)(6) motion to dismiss, in bringing the motion, it is the defendant's burden to demonstrate that plaintiff has failed to state a claim." *ReOpen San Diego v. City of San Diego*, No. 22-cv-00208-GPC-BGS, 2022 WL 3371340, at *2 (S.D. Cal. Aug. 16, 2022) (internal quotation marks omitted) (collecting cases). Accordingly, the court rejects defendant's argument that plaintiffs have failed to properly exhaust their fifth and sixth causes of action.

Neither party disputes that plaintiffs could have appealed the February 4, 2025 notice and order to repair pursuant to the Sacramento City Code (*see* Doc. No. 3-2 at 9–10), that plaintiffs have not alleged that they did appeal that notice, and accordingly that plaintiffs have not plead exhaustion of administrative remedies. Therefore, the court finds that plaintiffs have not plead exhaustion of administrative remedies and turns to address whether plaintiffs are required to plead exhaustion.

Plaintiffs argue that they are not required to exhaust administrative remedies created under the Sacramento City Code with respect to their first cause of action for intentional interference with prospective economic advantage because those administrative procedures cannot determine or remedy plaintiffs' tort claims. (Doc. No. 13 at 10–12.) "Under California law, exhaustion of administrative remedies is a jurisdictional requirement[.]" *City of Oakland, Cal. v. Hotels.com LP*, 572 F.3d 958, 960 (9th Cir. 2009). "The administrative exhaustion rule requires that where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act." *Palmer Kearny Mesa Props., LP v. City of San Diego*, No. 23-cv-01755-DMS-BJC, 2024 WL 3907049, at *10 (S.D. Cal. Aug. 22, 2024) (internal quotation marks omitted). Plaintiffs' argument that exhaustion is not required because they already presented their claims pursuant to the Government Claims Act is unsupported by citation to authority. Indeed, pre-litigation exhaustion of tort claims against municipal entities appears to be required under California law. *See, e.g., Adeeb v. City of Marina*, 827 F. Supp. 3d 1197, 1212–14 (N.D. Cal. 2026) (noting that some of the plaintiffs' state law claims may be required to be presented pursuant to the Government Claims Act but dismissing those tort claims on the ground that the plaintiffs did not plead exhaustion).

Plaintiffs also contend that, although they could have appealed the notice and order to repair, administrative procedure would not have been able to "determine or remedy any of Plaintiffs' tortious causes of action." (Doc. No. 13 at 11.) However, another district court has concluded as follows:

> California courts have found the exhaustion rule inapplicable when the agency lacks authority to hear the complaint, not when the administrative procedures arguably limit the remedy the agency may award. Even where the administrative remedy may not resolve all issues or provide the precise relief requested by a plaintiff, the exhaustion doctrine is still viewed with favor because it facilitates the development of a complete record that draws on administrative expertise and promotes judicial efficiency.

*City of Oakland v. Hotels.com, L.P.*, No. 07-cv-03432-SBA, 2007 WL 3306496, at *7 (N.D. Cal. Nov. 6, 2007) (cleaned up) (internal citations omitted), *aff'd in part*, *City of Oakland, Cal.*, 572 F.3d 958. Accordingly, although the administrative body may be unable to address some of

plaintiffs' claims, this alone does not support plaintiffs' proposition that they are therefore not required to exhaust those available administrative remedies. Indeed, in one of the cases which plaintiffs rely upon for the proposition that exhaustion is only required when the administrative tribunal can adjudicate the claim in full (Doc. No. 13 at 11) the California Supreme Court stated that "even if the absence of an internal damage remedy [in the administrative proceeding] makes ultimate resort to the courts inevitable, the prior administrative proceeding will still promote judicial efficiency by unearthing the relevant evidence and by providing a record which the court may review." *Westlake Cmty. Hosp. v. Super. Ct.*, 17 Cal. 3d 465, 476 (1976). Plaintiffs also rely on the decision in *Rojo v. Kliger*, 52 Cal. 3d 65 (1990). (Doc. No. 13 at 12.) In that case the California Supreme Court held that nonstatutory claims need not be exhausted in the context of employment discrimination cases because the relevant administrative remedies were constructed specifically in relation to statutory employment claims and courts do not require specialized factfinding for nonstatutory employment discrimination claims. *Rojo*, 52 Cal. 3d at 87–88. However, plaintiffs do not explain why the reasoning of the court in *Rojo* would extend to the specialized area of building permitting and regulations. It is not disputed that plaintiffs could have challenged the February 4, 2025 notice and order to repair through an appeal pursuant to Sacramento City Code Chapters 8.96 and 8.100. Such an appeal could feasibly have created a more full record as to whether defendant has improperly refused to issue permits for plaintiffs to rectify the purported violations. *See Adeeb*, 827 F. Supp. 3d at 1213 (requiring exhaustion of administrative remedies in relation to nonstatutory state law claims where the plaintiff could have appealed a municipal determination of nuisance that served as basis for his claims). Accordingly, the court rejects plaintiffs' argument that exhaustion is not required with respect to their common law cause of action for intentional interference with prospective economic advantage because the Sacramento City Code provides an applicable, if not complete, administrative remedy.

Plaintiffs next argue that exhausting administrative appeals would be futile here because the administrative hearings process does not provide for an award of compensatory damages. (Doc. No. 13 at 13.) It is true that "the administrative remedies exhaustion rule has several exceptions, including, but not limited to . . . (1) when the administrative agency cannot provide an

adequate remedy, and (2) when the subject of controversy lies outside the agency's jurisdiction." *Campbell v. Regents of Univ. of Cal.*, 35 Cal. 4th 311, 322 (2005). However, the California Supreme Court has noted that "courts have found the rule inapplicable only when the agency lacks authority to hear the complaint, not when the administrative procedures arguably limit the remedy the agency may award." *Id.* at 323.[2] The court therefore rejects plaintiffs' contention that the limited nature of the remedy available through administrative appeals excuses them from the exhaustion requirement.

Finally, plaintiffs argue that exhausting administrative remedies in this case would be futile because it was obvious that defendant would reject their appeal. (Doc. No. 13 at 15.) As the California Supreme Court has recognized:

> Failure to exhaust administrative remedies is excused if it is clear that exhaustion would be futile. The futility exception requires that the party invoking the exception can positively state that the agency has declared what its ruling will be on a particular case.

*Coachella Valley Mosquito & Vector Control Dist. v. Cal. Pub. Emp. Rels. Bd.*, 35 Cal. 4th 1072, 1080–81 (2005) (cleaned up and internal citations omitted). Here, plaintiffs state in largely conclusory fashion that "[b]ecause the City was responsible for creating the very same issues it cited against Plaintiffs, it is inconceivable to imagine the City would condemn itself and grant relief in an appeal[.]" (Doc. No. 13 at 15.) This assertion simply does not demonstrate that the housing board which would conduct the hearing plaintiffs would have been entitled to under the City Code (Doc. No. 3-2 at 10) had already declared how it intended to rule on plaintiffs' potential appeal. Accordingly, the court rejects plaintiffs' argument that exhausting

---

[2] Plaintiffs reliance on the California Supreme Court's decision in *Youst v. Longo*, 43 Cal. 3d 64 (1987), in which the court held that the California Horse Racing Board did not have jurisdiction to award compensatory damages, is misplaced. (Doc. No. 13 at 14.) Although plaintiffs address that decision at some length, they do not explain how it is in any way relevant here other than to establish the proposition that at times administrative boards lack the authority to award damages. The Supreme Court in *Youst* did not address whether the inability to award damages could excuse a failure to exhaust in a parallel court proceeding, but only rejected in passing the proposition that the plaintiff had failed to exhaust when he had pursued all available administrative relief but had not requested unavailable damages in those administrative proceedings. *Youst*, 43 Cal. 3d at 70–71.

administrative remedies would be futile because the outcome of those proceedings would be a foregone conclusion. Because the court has found that plaintiffs have not properly plead exhaustion of administrative remedies and that such exhaustion is required, the court will grant defendant's motion to dismiss plaintiffs' first cause of action for intentional interference with prospective economic advantage due to the failure to exhaust administrative remedies.

**B. Negligence (Fifth Cause of Action)**

Defendant moves to dismiss plaintiffs' fifth cause of action for negligence on the grounds that California Government Code § 815(a) provides immunity to municipalities for common law negligence. (Doc. No. 3-1 at 7.) Plaintiffs oppose that aspect of the pending motion, first arguing that California Government Code § 818.4 specifically provides immunity regarding discretionary decisions to issue, deny, suspend, or revoke a permit and, accordingly, that § 815(a) must be read narrowly and not as providing more general negligence immunity. (Doc. No. 13 at 16–18.) Plaintiffs next argue that California Government Code § 815.6 provides a specific statutory basis for their negligence claim. (*Id.* at 18–22.) In reply, defendant concedes that plaintiffs may be able to bring a claim based on a violation of California Government Code § 815.6(a) but contends that plaintiffs have not asserted such a cause of action in their complaint. (Doc. No. 14 at 4–6.)

California Government Code § 815(a) states that, "[e]xcept as otherwise provided by statute: [] a public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." The California Supreme Court has noted that their "own decisions confirm that [§] 815 abolishes common law tort liability for public entities." *Miklosy v. Regents of Univ. of Cal.*, 44 Cal. 4th 876, 899 (2008) (collecting cases and discussing legislative history). Accordingly, "direct tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care[.] . . . Otherwise, the general rule of immunity for public entities would be largely eroded by the routine application of general tort principles." *Eastburn v. Reg'l Fire Prot. Auth.*, 31 Cal. 4th 1175, 1183 (2003).

Plaintiffs cite no authority in support of their assertion that § 815(a) should be read narrowly to avoid creating surplusage as to § 818.4. Indeed, plaintiffs' only support for their

contention that § 815(a) should be construed narrowly is a citation to a 1980 California Court of Appeal decision in which the court stated that generally, "[i]n governmental tort cases 'the rule is liability, immunity is the exception.'" *H&M Assocs. v. City of El Centro*, 109 Cal. App. 3d 399, 406 (1980) (quoting *Muskopf v. Corning Hosp. Dist.*, 55 Cal. 2d 211, 219 (1961)). However, as the California Supreme Court has explained, *Muskopf* abolished the rule of governmental immunity entirely, to which the California Legislature "temporarily suspended the decision's effect" and ultimately abrogated it entirely with the passage of the Government Claims Act, which includes California Government Code § 815. *Quigley v. Garden Valley Fire Prot. Dist.*, 7 Cal. 5th 798, 803 (2019); *see also County of Santa Clara v. Super. Ct.*, 14 Cal. 5th 1034, 1046 (2023). In this regard, plaintiffs' argument appears to rely exclusively on abrogated law and does not provide a basis to reject the binding authority cited above describing how § 815(a) has abolished common law tort liability for public entities.

As to plaintiffs' argument that § 815.6 provides a statutory basis for their negligence cause of action (Doc. No. 13 at 18–22), a review of the allegations of plaintiffs' complaint demonstrates that they did not identify § 815.6 as providing a statutory basis for their claim (Doc. No. 1 at 27–28). "To state a cause of action, every fact essential to the existence of statutory liability must be pleaded with particularity, including the existence of a statutory duty. . . . Since the duty of a governmental agency can only be created by statute, the statute claimed to establish the duty must be identified." *D.K. ex rel. G.M. v. Solano County Off. of Educ.*, 667 F. Supp. 2d 1184, 1198 (E.D. Cal. 2009); *see also Rounds v. State of California*, No. 1:20-cv-00170-AWI-SAB, 2023 WL 3025254, at *4 (E.D. Cal. Apr. 20, 2023) (dismissing state law tort claims brought against a public entity because the operative complaint failed to identify any statute which served as the basis for those claims); *Sanwal v. County of Sacramento*, No. 2:11-cv-00187-JAM-KJN, 2011 WL 2559388, at *8–9 (E.D. Cal. June 27, 2011) (same). Because plaintiffs failed to identify any statutory basis for their negligence cause of action in their complaint, it is barred by governmental immunity pursuant to § 815(a). Therefore, the court will grant defendant's motion to dismiss plaintiffs' fifth cause of action for negligence.

/////

**C. Nuisance (Sixth Cause of Action)**

Defendant moves to dismiss plaintiffs' sixth cause of action for nuisance on the grounds that it is barred by the statute of limitations found at California Government Code § 911.2(a). (Doc. No. 3-1 at 8.) Plaintiffs point out that the statute defendant cites to is the presentation requirement under the Government Claims Act, not a statute of limitations. (Doc. No. 13 at 22–23.) Plaintiffs argue that, to the extent that defendant intends to argue that they were required to present their nuisance claim earlier, they have alleged a continuing nuisance that occurred within the six months prior to presentation of their tort claims. (*Id.*) Defendant argues in reply that this nuisance cause of action is based on actions that defendant allegedly took "nearly 60 years ago" which falls outside "the Accrual Period, i.e. the statute of limitations." (Doc. No. 14 at 6.)

The court rejects defendant's argument that plaintiffs' nuisance claim is time-barred. California Government Code § 911.2 is not a statute of limitations and, accordingly, cannot bar claims as "untimely," but only as having not been presented properly. *See Jones v. County of San Diego*, No. 20-cv-01989-GPC-DEB, 2022 WL 718491, at *3 (S.D. Cal. Mar. 10, 2022) (finding that the six-month presentation requirement cannot be equitably tolled because § 911.2 is not a statute of limitations). Indeed, California Government Code § 901 explains that, "[f]or the purpose of computing the time limits prescribed by Section[] 911.2, . . . , the date of the accrual of a cause of action to which a claim relates is the date upon which the cause of action would be deemed to have accrued within the meaning of the statute of limitations which could be applicable thereto if there were no requirement that a claim be presented to . . . the public entity[.]" Moreover, defendant, as noted above regarding its arguments with respect to the presentation requirement, fails to argue that plaintiffs' nuisance claim did not *accrue* within the six month period prior to the presentation of their claim and instead only argues that not all events occurred within that six month period. Because defendant has failed to identify any applicable statute of limitations which would bar plaintiffs' nuisance claim and has failed to argue in any way that plaintiffs' nuisance claim did not accrue within the presentation time requirement, the court will deny defendant's motion to dismiss plaintiffs' sixth cause of action for nuisance.

/////

**D. Leave to Amend**

Leave to amend should be granted "freely" when justice so requires. Fed. R. Civ. P. 15(a). The Ninth Circuit maintains a policy of "extreme liberality generally in favoring amendments to pleadings." *Rosenberg Bros. & Co. v. Arnold*, 283 F.2d 406, 406 (9th Cir. 1960). Generally, dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." *Intri-Plex Techs. v. Crest Grp.*, 499 F.3d 1048, 1056 (9th Cir. 2007) (citation omitted); *see also Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .").

Plaintiffs appear to request leave to amend their complaint. (Doc. No. 13 at 9.) It is not clear to the court that plaintiffs would be unable to address the deficiencies identified in this order by way of amendment, such as by alleging exhaustion of their first claim and identifying a statutory basis for their fifth claim. Accordingly, the court will grant plaintiffs leave to file a first amended complaint.

**CONCLUSION**

For the reasons explained above,

1. Defendant's motion to dismiss (Doc. No. 3) is GRANTED in part as follows:
    a. Plaintiffs' first and fifth causes of action for intentional interference with prospective economic advantage and negligence are DISMISSED with leave to amend;
    b. Defendant's motion to dismiss is otherwise DENIED; and
2. Plaintiffs shall file their first amended complaint, or alternatively a notice of their intent not to do so, within twenty-one (21) days from the date of entry of this order.

IT IS SO ORDERED.

Dated: **August 20, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE